UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| AK MEETING IP LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:23-cv-81243 |
| v. ) | |
| ) | |
| ANTHOLOGY, INC. ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |
| ) | |

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff AK Meeting IP LLC ("AK Meeting") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 8,627,211 ("the '211 patent") ( "Patent-in-Suit") by Anthology, Inc ("Defendant" or "Anthology").

I.      THE PARTIES

1.   AK Meeting is a Texas limited liability corporation with its principal place of business located at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

2. On information and belief, Defendant Anthology, Inc. is a foreign multinational corporation existing under the laws of the State of Florida, with a regular and established place of business located at 5201 Congress Ave., Boca Raton, FL 33487.  On information and belief, Defendant sells and offers to sell products and services throughout Florida, including in this judicial district, and introduces products and services that perform infringing methods or

processes into the stream of commerce knowing that they would be sold in Florida and this judicial district. Defendant may be served through its registered agent Corporate Creations Network Inc., 801 U.S. Highway 1, North Palm Beach, FL 33408, or anywhere they may be found.

## II.      JURISDICTION AND VENUE

3. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

4. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of Florida and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of Florida and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Florida and in this judicial district.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Florida and this District.

III.     INFRINGEMENT

   A.  Infringement of the '211 Patent

6. On January 7, 2014, U.S. Patent No. 8,627,211 ("the '211 patent", included as an attachment) entitled "Method, Apparatus, System, Medium, and Signals for Supporting Pointer Display In A Multi-Party Communication" was duly and legally issued by the U.S. Patent and Trademark Office.  Plaintiff owns the '211 patent by assignment. A copy of the '211 patent is filed herewith as Exhibit A.

7. The '211 patent relates to novel and improved systems, apparatus, and methods for supporting multi-party communications between client computers in a computer network.

8. Defendant maintains, operates, and administers systems, apparatus, and methods for multi-party communications between client computers in a computer network that infringe one or more of claims 1-150 of the '211 patent, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '211 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

9. Support for the allegations of infringement using exemplary claim 1 may be found in the following preliminary table included as Exhibit B attached hereto.  These allegations of infringement are preliminary and are therefore subject to change.

3

10. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., supporting multi-party communications between client computers in a computer network) such as to cause infringement of one or more of claims 1-150 of the '211 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '211 patent and the technology underlying it from at least the filing date of the lawsuit.[1]  For clarity, direct infringement is previously alleged in this complaint.

11. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., supporting multi-party communications between client computers in a computer network) and related services such as to cause infringement of one or more of claims 1-150 of the '211 patent, literally or under the doctrine of equivalents.  Further, there are no substantial noninfringing uses for Defendant's products and services.  Moreover, Defendant has known of the '211 patent and the technology underlying it from at least the filing date of the lawsuit. [2]  For clarity, direct infringement is previously alleged in this complaint.

12. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '211 patent.

IV. JURY DEMAND

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

Plaintiff hereby requests a trial by jury on issues so triable by right.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the '124 and '211 patents;

b. award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c. award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d. declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e. declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f. a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an

    adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

///

g.    award Plaintiff such other and further relief as this Court deems just and proper.

DATED: September 9, 2023.          Respectfully submitted,

             By: /s/ Victoria E. Brieant
             Victoria E. Brieant (FBN 632961)
             Law Office of Victoria E. Brieant, P.A.
             4000 Ponce de Leon Boulevard, Suite 470
             Coral Gables, FL 33146
             Email: Victoria@brieantlaw.com
             Telephone: (305) 421-7200

             Attorney For Plaintiff
             AK Meeting IP, LLC